NATALIE K. WIGHT
United States Attorney
SUSANNE LUSE
Assistant United States Attorney
Chief, Civil Division
1000 SW Third Ave., Suite 600
Portland, OR  97204
Telephone: (503) 727-1000

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge
SUSAN F. SHAPIRO
Trial Attorney
U.S. Department of Justice
West Coast Office, Civil Division, Torts Branch
P.O. Box 36028, 450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6638
Facsimile: (415) 436-6632
E-mail: Eric.Kaufman-Cohen@usdoj.gov, Susan.F.Shapiro@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:24-cv-1906 |
| Plaintiff, | |
| v. | IN ADMIRALTY |
| F/V MISS PACIFIC, Coast Guard documentation number 621170, its boilers, engines, machinery, masts, spares, bunkers, boats, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and all other appurtenances, *etc.*, in rem; MISS PACIFIC, LLC, *in personam*,; PACIFIC SEAFOOD GROUP, *in personam*,;  and PACIFIC FISHING LLC, *in personam*, | VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA |
| Defendants. | |

The verified complaint of plaintiff, United States of America, alleges upon information and belief as follows:

1. This is a case within the admiralty and maritime jurisdiction of this Honorable Court, as hereinafter more fully appears, and plaintiff's claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff is the United States of America, a sovereign nation, authorized to sue pursuant to 28 U.S.C. § 1345.

3. Venue is properly in this Court pursuant to 28 U.S.C. § 1391.

4. At all times material hereto, the defendant F/V MISS PACIFIC, Coast Guard documentation number 621170, her engines, boilers, lockers, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances, etc., whether on board or not, and any and all additions, improvements, and replacements thereto, *in rem* (hereinafter the "Vessel"), was a documented vessel of the United States operating in the Pacific Northwest trades, and is now, or during the pendency of this action will be, within the navigable waters of this District and within the jurisdiction of this Honorable Court.

5. At all times material herein, defendant MISS PACIFIC, LLC was, and continues to be, an Oregon limited liability company that at all times relevant herein maintained and continues to maintain an office in Clackamas, Oregon, and regularly conducts business within the jurisdiction of this Honorable Court.

6. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was, and continues to be, owned by defendant MISS PACIFIC, LLC.

7. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was operated by defendant MISS PACIFIC, LLC.

8. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was chartered by defendant MISS PACIFIC, LLC.

9. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was managed by defendant MISS PACIFIC, LLC.

10. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was controlled by defendant MISS PACIFIC, LLC.

11. At all times material herein, defendant PACIFIC SEAFOOD GROUP was, and continues to be, an Oregon company that at all times relevant herein maintained and continues to maintain an office in Clackamas, Oregon, and regularly conducts business within the jurisdiction of this Honorable Court.

12. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was, and continues to be, owned by defendant PACIFIC SEAFOOD GROUP.

13. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was operated by defendant PACIFIC SEAFOOD GROUP.

14. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was chartered by defendant PACIFIC SEAFOOD GROUP.

15. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was managed by defendant PACIFIC SEAFOOD GROUP.

16. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was controlled by defendant PACIFIC SEAFOOD GROUP.

17. At all times material herein, defendant PACIFIC FISHING LLC, was, and continues to be, an Oregon limited liability company that at all times relevant herein maintained and continues to maintain an office in Clackamas, Oregon, and regularly conducts business within the jurisdiction of this Honorable Court.

18. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was, and continues to be, owned by defendant PACIFIC FISHING LLC.

19. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was operated by defendant PACIFIC FISHING LLC.

20. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was chartered by defendant PACIFIC FISHING LLC.

21. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was managed by defendant PACIFIC FISHING LLC.

22. At all times material herein the F/V MISS PACIFIC, based upon information and belief, was controlled by defendant PACIFIC FISHING LLC.

23. At all times material herein the United States of America, by and through the United States Department of Commerce, National Oceanic and Atmospheric Administration (NOAA) was and is the owner of NOAA data buoy 3DV40 (hereinafter "Buoy 3DV40"), said buoy at all relevant times having been located on navigable waters of the United States.

## THE INCIDENT

24. On May 13, 2020, NOAA deployed Buoy 3DV40 at station 46015, approximately 15 nautical miles west of Port Orford, Oregon. At the time Buoy 3DV40 was deployed it was fully operable and was transmitting data to NOAA as designed. The buoy was also equipped with a light beacon.

25. On November 28, 2022, at approximately 12:40 a.m. PST, Buoy 3DV40 stopped transmitting data. Specifically, the barometer data from the Extended Met Payload failed, and wind direction and compass readings from the All-in-One Met and Extended Met Payloads began to separate from one another, indicating a complete failure of the sensor and/or its associated cables. Additionally, the nighttime buoy camera imagery indicated a collision had occurred to the camera itself and/or its structural mount.

26. After retrieving the damaged buoy, NOAA undertook an investigation to determine if any vessels had transited the waters near Buoy 3DV40 at the time the buoy ceased transmitting data. Using AIS (an electronic tracking system that tracks and monitors vessel movement worldwide), NOAA was able to determine that the F/V MISS PACIFIC was in the immediate vicinity of Buoy 3DV40 at the time it went offline.

27. No report of the allision with the buoy was made to law enforcement authorities or any agency of the United States by the Vessel, her officers, crew, owners, charterers, or others acting on her behalf.

28. With the information obtained by NOAA through AIS regarding the movements of the F/V MISS PACIFIC on November 28, 2022, NOAA assigned one of its Law Enforcement Officers to investigate the possibility that the MISS PACIFIC was the vessel that damaged Buoy 3DV40.

29. In the following months, NOAA agents made several attempts to contact Defendants and the captain of the Vessel.

30. On August 23, 2023, NOAA agents interviewed Jason Lile, deckhand and former Captain of the Vessel. Mr. Lile confirmed that he witnessed the Vessel strike Buoy 3DV40 and that no one was in the bridge at the time. Mr. Lile provided a written statement to this effect.

31. On September 20, 2023, NOAA agents received a written statement from Randy Wenbourne, who was Captain of the Vessel at the time of the incident, confirming that the Vessel struck Buoy 3DV40, and that he was not in the bridge at the time despite his knowledge that the buoy was nearby.

32. Defendants were aware of the presence of Buoy 3DV40 prior to the incident because the Vessel had previously struck and damaged it in November 2019.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS [NEGLIGENCE]

33. The United States incorporates by reference each and every paragraph of this complaint as though fully set forth herein.

34. Defendants herein, and each of them, had a duty to ensure that the F/V MISS PACIFIC navigated in a safe manner, including, but not limited to, maintaining a proper lookout in accordance with, *inter alia*, all applicable statutes and regulations.

35. The damage to Buoy 3DV40 set forth herein was caused by the fault and negligence of the Defendants, and each of them, such that the Defendants, jointly and severally, are liable to the United States for its damages.

36. As a result of the negligence of Defendants set forth herein, the United States incurred in excess of $25,270.00 to retrieve, repair and redeploy Buoy 3DV40.

37. The damage to Buoy 3DV40 set forth herein was not caused or contributed to by the United States, its officers, agents or employees, but was caused solely by the fault and negligence of Defendants, and each of them, and their respective agents, officers, employees, vessels, and crew.

38. As a direct and proximate result of the Incident, the United States has a preferred maritime lien against the F/V MISS PACIFIC, *in rem*.

39. The United States reserves the right to amend this Complaint and assert additional causes of action and/or add additional parties, as may be applicable.

WHEREFORE, the United States of America prays as follows:

1. That United States of America be granted judgment against Defendants MISS PACIFIC LLC, PACIFIC SEAFOOD GROUP and PACIFIC FISHING LLC, *in personam*, pursuant to the Complaint of the United States herein;

2. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims this Honorable Court enter an order authorizing a warrant for the arrest of Defendant F/V MISS PACIFIC;

3. That a warrant be issued for the arrest of the F/V MISS PACIFIC, together with its tackle, apparel, and appurtenances;

4. That judgment of condemnation and sale be entered against the F/V MISS PACIFIC, together with its tackle, apparel and appurtenances;

5. That an order for interlocutory sale of the F/V MISS PACIFIC be issued pursuant to Supplemental Admiralty Rule E(9)(b);

///

///

///

      6.      That the F/V MISS PACIFIC be sold and that the amount of the United States' claim with interest and costs be paid first in priority out of the proceeds thereof; and

      7.      Such other relief as the Court deems just and proper.

Dated: November 14, 2024

NATALIE K. WIGHT
United States Attorney
BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Office

/s/ Susan F. Shapiro
SUSAN F. SHAPIRO
Trial Attorney
U.S. Department of Justice, Civil Division,
Torts Branch, West Coast Office
450 Golden Gate Avenue, Room 7-5395
P.O. Box 36028
San Francisco, California 94102-3463
Telephone: (415) 436-6636

Attorneys for United States of America

## VERIFICATION

Susan F. Shapiro says:

I am one of the attorneys for Plaintiff, United States of America, herein, and make this verification by authority for and on its behalf; I have read the foregoing Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.


DATED: November 14, 2024        s/ Susan F. Shapiro
                                SUSAN F. SHAPIRO